[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-11512

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

YACKEEM MCFARLANE,
a.k.a. Captain,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:24-cr-00081-VMC-AAS-1

_____

Before JORDAN, BRANCH, and KIDD, Circuit Judges.

PER CURIAM:

Yackeem McFarlane appeals his sentence of 18 months' imprisonment with no supervision to follow, imposed upon the revocation of his original term of supervised release. He argues that his above-guidelines sentence, which involved a nine-month upward variance, is substantively unreasonable because the district court failed to properly consider and balance the factors in 18 U.S.C. § 3553(a) and impermissibly entered a sentence based on his supervised-release violations.

**I**

Mr. McFarlane was sentenced in the Southern District of New York to 120 months' imprisonment and five years of supervised release for a narcotics offense in 2013. A few years after his release, Mr. McFarlane moved to central Florida, and the Middle District of Florida assumed jurisdiction over the remainder of his supervision. In March of 2024, the probation officer filed a petition alleging that Mr. McFarlane had committed 11 violations of the conditions of his supervised release. Mr. McFarlane admitted to all 11 violations.[1]

---

[1] These violations included unauthorized travel out of the district after being denied a request to travel, failing to work or perform community service, violating his home-detention program, lying to the probation officer about the unauthorized travel, and missing probation appointments.

Based on these grade C violations of supervised release and Mr. McFarlane's criminal history, originally a category I, the advisory sentencing guidelines range was three to nine months' imprisonment. At the revocation hearing, the probation officer recommended an upward variance and 18 months' imprisonment based on Mr. McFarlane's repeated failure to comply with the terms of his supervised release. Mr. McFarlane's attorney conveyed to the district court that circumstances around Mr. McFarlane's move to Florida were challenging and impacted his ability to comply with the terms of his release. Mr. McFarlane's wife also provided mitigating testimony, both at the hearing and with an accompanying letter to the court, representing that her husband was trying to obtain employment before he was arrested for the supervised release violations and was trying to support her and their children through a high risk pregnancy.

The district court recognized Mr. McFarlane's minimal criminal history and the mitigating testimony his wife presented, acknowledging that Mr. McFarlane was committed to his family. On the other hand, the court highlighted the number of violations committed and gave weight to the probation officer's recommendation. Upon consideration of the sentencing factors, the court imposed a sentence of 18 months' imprisonment with no additional term of supervised release.

## II

We "review the substantive reasonableness of a sentence, including a sentence imposed upon revocation of supervised

release, under a deferential abuse of discretion standard considering the totality of the circumstances." *United States v. King*, 57 F.4th 1334, 1337 (11th Cir. 2023). "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted). Mr. McFarlane bears the burden of establishing that the sentence is unreasonable in light of the facts and the sentencing factors. *See King*, 57 F.4th at 1337–38.

### III

When a defendant violates the conditions of supervised release, the district court has the authority to revoke the term of supervised release and impose a term of imprisonment after considering most of the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3583(e)(3); *United States v. Gomez*, 955 F.3d 1250, 1257–58 (11th Cir. 2020).[2]

---

[2] Some of the factors considered for sentencing purposes under § 3553(a) are not taken into account when imposing a sentence upon revocation of supervised release. *See* 18 U.S.C. § 3583(e) (making no reference to the following factors: the needs to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense); *Esteras v. United States*, ___ U.S.___, 2025 WL 1716137, at *6 (U.S. June 20, 2025) ("Section 3583(e) provides that a district court may revoke a term of supervised release 'after considering' 8 of these 10 factors. The natural implication is that Congress did not intend for courts to consider the other two factors[.]").

These factors include the nature and circumstances of the offense; the history and characteristics of the defendant; the need for the sentence imposed to deter, to protect the public, and to provide the defendant with necessary training, care, and treatment; the kind of sentence and the sentencing range established by applicable guidelines or policy statements; policy statements issued to further the purposes of sentencing; the need to avoid unwarranted sentence disparities among similarly situated defendants; and the need to provide restitution to victims. *See* 18 U.S.C. § 3583(e). *See also* 18 U.S.C. § 3553(a)(1), (a)(2)(B)–(D), (a)(4)–(7).

The Sentencing Guidelines provide that a sentence imposed upon revocation should sanction primarily the defendant's "breach of trust" for failing to abide by the conditions of the court ordered supervision, while also accounting for, "to a limited degree, the seriousness of the underlying violation and the criminal history of the violator." U.S.S.G. Ch. 7, Pt. A, intro. comment. 3(b).

We "will vacate a sentence as substantively unreasonable only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the [sentencing] factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Woodson*, 30 F.4th 1295, 1308 (11th Cir. 2022) (quotation marks omitted). The weight given to any particular "factor is a matter committed to the sound discretion of the district court," and it may give "great weight to one factor over others." *United States v. Riley*, 995 F.3d 1272, 1279 (11th Cir. 2021) (quotation marks

omitted). "A district court's sentence need not be the most appropriate one, it need only be a reasonable one." *Irey*, 612 F.3d at 1191.

A district court is not required to "discuss or state each factor explicitly" so long as it acknowledged that it considered the sentencing factors in its decision. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Failure to discuss any mitigating factors raised by the defendant does not necessarily indicate that the court "erroneously 'ignored' or failed to consider this evidence." *United States v. Amedeo*, 487 F.3d 823, 833 (11th Cir. 2007).

The 18-month sentence, while double the higher range of the sentence recommended under the guidelines, was ultimately reasonable given the district court's consideration of the sentencing factors and the facts of the case. Mr. McFarlane violated the terms of his release 11 times and some of those violations involved lying to his probation officer to hide the fact that he hadn't complied with the terms of his release. We cannot conclude that it was unreasonable for the court, exercising its discretion, to vary upward from the guidelines under these circumstances.

The district court considered both the probation officer's concerns and Mr. McFarlane's and his wife's representations regarding the nature of his various violations. The court found that Mr. McFarlane's many violations demonstrated "a clear pattern of behavior" that showed unwillingness to comply with the terms of his release. Even when a term of release had been previously modified—requiring Mr. McFarlane to complete community service in place of hold employment based on what was reasonable for him—

24-11512                Opinion of the Court                7

he failed to ultimately comply with that term. Contrary to Mr. McFarlane's assertions, the court did properly consider mitigating evidence in the form of his wife's "very moving statement" and his minimal criminal history; the court simply weighed the other sentencing factors more, within the bounds of its discretion. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). Additionally, the 18-month sentence is well within the five-year maximum sentence for his original offense. *See United States v. Sweeting*, 437 F.3d 1105, 1107 (11th Cir. 2006). The court mentioned its consideration of the sentencing factors and, as we have noted, was not required to discuss each factor in order to appropriately have considered it. *See Amedeo*, 487 F.3d at 833. It was not flatly unreasonable, therefore, for the seriousness of the violations to outweigh mitigating testimony that was offered after the court adequately considered the sentencing factors.

## IV

The district court did not abuse its discretion in sentencing Mr. McFarlane to 18 months' imprisonment.[3]

**AFFIRMED.**

---

[3] Mr. McFarlane also argues on appeal that if his sentence is unreasonable, affirming it would be a manifest miscarriage of justice. Because we determine that his sentence was not substantively unreasonable, we have no reason to reach this second argument.